IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **U.S. RENAL CARE INC. d/b/a U.S. RENAL CARE CENTRAL YORK, DIALYSIS individually and as ASSIGNEE OF PATIENT, WW,** | : | Civil No. 1:14-cv-2257 |
| **Plaintiff,** | : | |
| v. | : | |
| **WELLSPAN HEALTH,** *et al.* | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Presently before the court are a petition for attorney's fees filed by Defendants WellSpan Health, WellSpan Medical Plan, and South Central Preferred, Inc. (collectively, "WellSpan") and WellSpan's renewed and supplemented petition for attorney's fees (Docs. 105, 118) (collectively, the "Petition"). WellSpan's renewed petition follows the Court of Appeals for the Third Circuit's opinion affirming this court's prior order granting summary judgment. (Docs. 104, 116.) WellSpan seeks attorney's fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). WellSpan's Petition has been fully briefed and is ripe for disposition. For the reasons discussed below, WellSpan's petition will be granted in part and denied in part.

## I. **Factual Background and Procedural History**

Because the court writes primarily for the parties in disposing of the Petition, the factual background will be limited to the facts relevant to the award of attorney's fees. For a complete recitation of the underlying facts, see this court's prior opinion *U.S. Renal Care, Inc. v. Wellspan Health*, No. 14-cv-2257, 2017 WL 1062374, *1 (M.D. Pa. Mar. 21, 2017) (*WellSpan I*), *aff'd*, 709 F. App'x 160 (3d Cir. 2018). In brief, U.S. Renal Care, Inc. d/b/a U.S. Renal Care Central York Dialysis ("Plaintiff") is a medical services provider that offers dialysis treatment. WellSpan is a self-funded employee welfare benefit plan, within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1), that provides medical benefits to eligible employees and their eligible dependents. From December 7, 2012, until October 31, 2014, Plaintiff provided dialysis services to patient WW, who was a beneficiary of the welfare benefit plan through his spouse. On or around March 21, 2013, WellSpan notified Plaintiff that it had erroneously been paying benefits for WW's dialysis at the "in-network" rate as opposed to the "out-of-network" rate and requested reimbursement for the overpayment. As evidenced by subsequent letters, the amount overpaid totaled $205,672.47. WellSpan eventually sent a letter directly to WW, which outlined WellSpan's intention to recoup payments from Plaintiff for future benefits paid toward WW's dialysis. WellSpan recouped a total of $45,966.08 by withholding payments for services provided by Plaintiff.

2

Plaintiff initiated this action by complaint on November 25, 2014. WellSpan later filed a motion to dismiss Plaintiff's claims and a complaint against Plaintiff containing related claims in a separate action, (Civ. No. 1:15-cv-0400) (hereinafter "counterclaims"), which the court consolidated into the instant matter. In their counterclaims, WellSpan asserted equitable claims under ERISA relating to the alleged overpayments as well as an unjust enrichment claim under Pennsylvania state law. On April 6, 2015, Plaintiff filed a motion to dismiss WellSpan's counterclaims. By memorandum and order dated September 10, 2015, the court dismissed Plaintiff's claims for state law conversion and breach of fiduciary duty under ERISA, but declined to dismiss Plaintiff's ERISA claims for benefits and inadequate notice or any of WellSpan's counterclaims. *See Wellspan I* at \*3.

The parties filed cross-motions for summary judgment both in favor of their own claims and against the opposing party's claims. (*See* Docs. 75, 87, 88, 95.) This court issued an order granting summary judgment in favor of WellSpan and ordering Plaintiff to pay WellSpan the sum of $159,706.39. (Doc. 104.) On April 4, 2017, WellSpan filed its initial petition for attorney's fees. (Doc. 105.) This court deferred ruling pending disposition of Plaintiff's appeal. On March 1, 2018, the Third Circuit affirmed this court's order granting summary judgment in favor of WellSpan. *U.S. Renal Care Inc. v. WellSpan Health*, 709 F. App'x 160, 161 (3d Cir. 2018) ("*WellSpan II*"). Shortly thereafter, WellSpan filed its renewed

and supplemental petition for attorney's fees, which included fees and costs associated with defending against Plaintiff's appeal. (Doc. 117.) In support of the Petition, WellSpan has provided comprehensive billing statements and a declaration from Amy Nelson, Associate Counsel for WellSpan. (Docs. 105-1, 105-2, 117-2). In total, WellSpan seeks $463,523.50 in attorney's fees expended during the initial litigation and in defending against Plaintiff's appeal. For the reasons set forth below, WellSpan's Petition will be granted in part and denied in part.

## II.     Legal Standard

Under Section 502(g) (1) of ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Although there is no presumption in favor of an award of attorney's fees in ERISA litigation, the defendant "usually bears the burden of attorney's fees for the prevailing plaintiff [], thus encouraging private enforcement of the statutory substantive rights, whether they be economic or noneconomic, through the judicial process." *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000) (internal quotation and alterations omitted). In the instant matter, however, WellSpan, the ostensible defendant, has exercised the "private enforcement of the statutory substantive rights" under ERISA by filing its counterclaim seeking to recoup

overpayments of benefits. *Id.* Accordingly, the court will view WellSpan as a prevailing plaintiff as discussed in *Brytus*.

In order to determine whether a party is entitled to attorney's fees, the court must apply a five-factor balancing test set forth by the Third Circuit in *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). The five *Ursic* factors are:

> (1) the offending parties' culpability or bad faith;
>
> (2) the ability of the offending parties to satisfy an award of attorneys' fees against the offending parties;
>
> (3) the deterrent effect of an award of attorneys' fees against the offending parties;
>
> (4) the benefit conferred on members of the pension plan as a whole;
>
> (5) the relative merits of the parties' position.

*Id.*

If the court concludes that an award of fees is warranted, the initial estimate of reasonable attorney's fees shall be determined by applying the "lodestar" method of calculation. *Blum v. Stetson*, 465 U.S. 886, 888 (1984). The lodestar number is calculated by multiplying the number of hours reasonably expended on litigation times the reasonable hourly rate. *Id.* In determining the reasonable rate, the court looks to the prevailing market rates in the relevant community and compares the rates to those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). The party seeking attorney's fees bears the burden of demonstrating that the requested hourly rates

are reasonable. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The court will then review the time charged and eliminate "excessive, redundant, or otherwise unnecessary" fees. *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (citations omitted).

**III.** **Discussion**

    **A.** **Entitlement to Attorney's Fees**

        **1.** **Bad Faith or Culpability**

An award of attorney's fees under ERISA does not require a showing of bad faith, nor does WellSpan argue that Plaintiff acted with a malicious, sinister, or ulterior motive in bringing their claim. *See McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 256-57 (3d Cir. 1994). The *Ursic* factors, however, look not only to whether a party acted in bad faith, but also to whether that party's conduct met the lesser standard of culpable conduct:

> [C]ulpable conduct is commonly understood to mean conduct that is 'blameable; censurable; . . . at fault; involving the breach of a legal duty or the commission of a fault. . . . Such conduct normally involves something more than simple negligence . . . [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose.'

*Id.* at 257 (alterations in original) (quoting Black's Law Dictionary (6th ed. 1990)).

WellSpan argues that Plaintiff knew that it was overpaid, knew that WellSpan was entitled to repayment, and offered no authority to support its claim

6

to the funds aside from the antiquated aphorism, "finders, keepers." (Doc. 105, p. 21.) Plaintiff does not appear to contest that WellSpan overpaid, nor does it argue that it was not aware of the overpayment. WellSpan's only contention was that it was not legally obligated to return the funds incorrectly paid to it, a contention that proved to be unsupportable under ERISA. *See Wellspan I* at \*8; *Wellspan II* at 161-2. Moreover, Plaintiff was aware that, under the unequivocal terms of the Plan Document and Summary Plan Description, WellSpan "retains a contractual right to the overpayment [and t]he person or institution receiving the overpayment will be required to return the incorrect amount of money." (Doc. 72-1, p. 165.) Furthermore, Plaintiff unreasonably refused to initiate administrative proceedings to settle the matter prior to initiating the instant litigation. At a minimum, such conduct is "blamable" or "at fault." *McPherson*, 33 F.3d at 257. Thus, Plaintiff is culpable, and the first *Ursic* factor weighs in favor of awarding attorney's fees.

### 2. Plaintiff's ability to satisfy an award

WellSpan argues that Plaintiff is well-situated to satisfy a reasonable award of attorney's fees because it is a national healthcare provider that operates throughout the United States. Plaintiff was able to hire its own outside counsel to litigate this matter. Notably, Plaintiff does not contest or refute WellSpan's arguments in any meaningful way. It simply states that the court should "conclude that this factor is neutral" because the record is "[a]bsent any financial data."

(Doc. 118 at 4.) The second *Ursic* factor does not require a full accounting of Plaintiffs financial resources, but merely a demonstration that the party opposing an award of attorney's fees could satisfy such an award. Because Plaintiff raises no facts or arguments against its ability to do so, and WellSpan has made some showing that Plaintiff is capable of paying an award of attorney's fees, the second *Ursic* factor weighs in favor of awarding fees.

### 3. Deterrent effect

WellSpan argues that an award of attorney's fees in this case would have a deterrent effect against conduct similar to Plaintiff's actions. As noted above, this court finds that Plaintiff is culpable, and its actions in refusing to return money that was obviously overpaid to it and refusing to properly initiate administrative proceedings is worthy of censure. The court, however, emphasizes that pursuing a legitimate claim, supportable by law, should not be discouraged. *Einhorn v. M.L. Ruberton Const. Co.*, 720 F.Supp. 2d 639, 643 (D.N.J. 2010). Plaintiff's legal arguments here were tenuous at best and at odds with clear and unequivocal contractual language. An award of attorney's fees would discourage, at the very least, a refusal to reasonably utilize the administrative procedures set forth under ERISA. *See Templin v. Indep. Blue Cross*, 487 F. App'x 6, 15 (3d Cir. 2012). Accordingly, the court finds that an award of attorney's fees would have a

8

deterrent effect on similar conduct, and the third *Ursic* factor weighs in favor of awarding attorney's fees.

### 4. Benefit conferred on members of the plan

The benefits to the pension plan as a whole are obvious: the recoupment of overpaid funds provides more funds to be used by all plan participants. *See Christian v. Honeywell Ret. Ben. Plan*, No. 13-cv-4144, 2014 WL 1652222, *7 (E.D. Pa. Apr. 24, 2014). Plaintiff does not contest this argument, but merely asserts that the claims at issue are "unlikely to re-arise." (Doc. 118, p. 5.) To the contrary, as discussed in Section 3, *supra*, claims involving a refusal to repay future overpayments to WellSpan are not unlikely and should be deterred absent legitimate grounds supportable by law. Accordingly, an award of attorney's fees would benefit the pension plan as a whole and, thus, the fourth *Ursic* factor weighs in favor of awarding attorney's fees.

### 5. Relative merits of the parties' positions

The final *Ursic* factor is a balancing of the relative merits of the parties' positions. Clearly, this factor weighs in favor of the prevailing party, WellSpan, but the final factor is one of degree. *See Addis v. Ltd. Long-Term Disability Program*, No. 05-cv-357, 2006 WL 2387087, *3 (E.D. Pa. Aug. 3, 2006) ("The question is not whether, but how much this factor weighs in favor of the prevailing

party."). Plaintiff initiated this case seeking, *inter alia*, restitution of the amounts recouped by WellSpan to recover its overpayment. Plaintiff was unsuccessful in its claim, and WellSpan successfully prosecuted its own counterclaim seeking to recover overpayments not yet recouped. Moreover, Plaintiff's primary support for its position was that *Montanile v. Board of Trustees of National Elevator Industry Health Benefit Plan*, 136 S. Ct. 651 (2016), overruled *Funk v. CIGNA Group Insurance*, 648 F.3d 182 (3d Cir. 2011), to the extent the latter held that an insurer may recoup the full amount of any overpayment by an agreement that created an equitable lien. The Third Circuit held that such a contention was without merit and required little discussion. *WellSpan II* at 161. Accordingly, Plaintiff was entirely unsuccessful in its ERISA claims, and its arguments had relatively little merit. In contrast, WellSpan recovered the full amount of overpayments sought in its counterclaim under ERISA. Thus, the final *Ursic* factor weighs heavily in favor of awarding attorney's fees. Because all five factors weigh in favor of an award of fees, the court will now apply the lodestar method to determine the correct calculation of fees to be awarded.

**B.  Lodestar Calculation**

    **1.  Reasonable Rate**

Counsel for WellSpan, Mark H. Gallant, submitted a declaration detailing the rates, skill, experience, and reputation of himself, Aaron Krauss, and Jonathan

10

Cavalier. (Doc. 105-1.) WellSpan also provided a declaration from Nelson in which she declared that WellSpan paid outside counsel, Cozen O'Connor, in full for its services, based on what she understood to the be the firm's regular hourly rates and costs. (Doc. 105-2, ¶ 16.) WellSpan additionally provided very detailed and comprehensive billing statements from Cozen O'Connor. (Docs. 105-1, Ex. A; 117-2, Ex. A.) WellSpan does not argue that the above-stated rates are not reasonable except to say that a "recit[ation] of its own hourly fees" is insufficient evidence to establish that the billed rates were reasonable. (Doc. 111, p. 3.) WellSpan has provided more than simply its own billed rates. Moreover, the "best evidence of a reasonable rate for an attorney's time is the customary billing rate for clients, which creates a presumption of reasonableness." *Shanea S. v. Sch. Dist. of Philadelphia*, No. 12-cv-1056, 2014 WL 2586940, *2 (E.D. Pa. Jun. 10, 2014); *see also Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) ("[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them."). Because WellSpan has introduced evidence in the form of declarations stating that its rates are customary and were actually paid by the client, and Plaintiff fails to offer any evidence to the contrary, the court finds that the rates billed by Gallant, Krauss and Cavalier are reasonable.

### 2. Reasonable Hours

Plaintiff does not raise specific objections to any time billed by Cozen O'Conner to WellSpan. *See Borrell v. Bloomsburg Univ.*, 207 F. Supp. 3d 454, 507 (M.D. Pa. 2016) ("The party opposing the fee petition [] has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.") (internal citations omitted). The court performed an independent review of the hours billed in this matter and finds that all hours billed were reasonable, non-duplicative, and related to WellSpan's defense against Plaintiff's ERISA claims or the prosecution of its own ERISA claims. The court does note, however, that the declaration provided by Gallant (Doc. 117-2) sets forth only the credentials and experience of Cavalier, Krauss, and Gallant. Because the court is without evidence to determine whether the rates for other attorneys listed on Cozen O'Conner's bills are reasonable in light of their skills and experience, the court shall omit their fees from the total amount awarded to WellSpan. *See Tomasko v. Weinstock*, No. 98-cv-1978, 2008 WL 2962909, *5 (M.D. Pa. July 29, 2008). The court also notes that Cozen O'Conner gave a "courtesy discount" in the amount of $24,000 to WellSpan. The court shall also deduct this discount from the total award of fees. Accordingly, the court finds the hours billed to be reasonable as set forth in the table below.

| Attorney Name | Year | Hourly Rate | Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Gallant | 2015 | $655 | 112.3 | $73,556.50 |
|  | 2016 | $665 | 67.5 | $44,887.50 |
|  | 2017 | $690 | 53.2 | $36,708.00 |
|  | 2018 | $695 | 2.6 | $1807.00 |
| Krauss | 2015 | $550 | 4.3 | $2,365.00 |
|  | 2016 | $580 | 24.4 | $14,152.00 |
|  | 2017 | $605 | 1.5 | $907.50 |
|  | 2018 | N/A | 0 | $0.00 |
| Cavalier | 2015 | $370 | 378.1 | $139,897.00 |
|  | 2016 | $380 | 87 | $33,060.00 |
|  | 2017 | $410 | 159.5 | $65,395.00 |
|  | 2018 | $445 | 12.1 | $5,384.50 |
| Totals |  |  |  | $418,120.00 |
| "Courtesy Discount" | -24,000.00 |  |  | $394,120.00 |

### 3. Proportionality

The Court recognizes that the total amount of $394,120.00 in attorney's fees to which WellSpan is entitled far exceeds the judgement of $159,706.39 entered in favor of WellSpan in the underlying litigation. However, the Third Circuit has held that there is no requirement under ERISA that an award of attorney's fees be proportional to the amount of the underlying award. *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 311 (3d Cir. 2008); *United Auto. Workers Local 259*

*Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 295 (3d Cir. 2007). Moreover, Plaintiff fails to raise any objection to the lodestar calculation other than baldly arguing that the fees are "unreasonable." Although the court has broad discretion to adjust a fee upon objection of a party, "[a] district court is precluded from decreasing a fee award based on factors not raised by the opposing party." *Berkoben v. Aetna Life Ins. Co.*, No. 12-cv-1677, 2014 WL 3565959, *14 (W.D. Pa. July 18, 2014) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1189 (3d Cir. 1990)). Therefore, WellSpan is entitled to recover reasonable attorney's fees, properly supported by evidence of record, in the amount of $394,120.00.[1]

## IV. Conclusion

For the above-stated reasons, WellSpan's renewed and supplemented motion for attorney's fees (Doc. 117) will be granted in part. An appropriate Order follows.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: August 20, 2018

---

[1] To the extent that WellSpan also requests an award of costs, the court finds the evidentiary support for WellSpan's costs to be insufficient. The majority of bills for WellSpan's costs are vague (*See e.g.* Doc. 117-2 "Pacer Fees" and "Search fees – library.") Thus, the court is without sufficient information to determine the reasonableness of said costs or if they are related to the underlying litigation. Accordingly, WellSpan's request for costs is denied.

14